DANIEL M. BALDERES,

                    Plaintiff,

          v.                                    CASE NO. 13-3057-SAC

STATE OF KANSAS, et al.,

                    Defendants.


                        O R D E R

     Plaintiff initiated this action on March 27, 2013, with a pro
se pleading titled as an "ORDER TO INVESTIGATE FOR DEPRIVATION/Motion
for Petition under 28 U.S.C. § 636," submitted while he was confined
in the Sedgwick County jail.  The court liberally construed the
pleading as once seeking relief under 42 U.S.C. § 1983, and directed
plaintiff to submit a form complaint that named appropriate
defendants, and that provided a factual basis for establishing each
defendant's "direct personal responsibility for the claimed
deprivation of a constitutional right." *Trujillo v. Williams*, 465
F.3d 1210, 1227 (10th Cir.2006).  The court also directed plaintiff
to pay the district court filing fee, or to submit a motion for leave
to proceed in forma pauperis under 28 U.S.C. § 1915.

     In response plaintiff submitted a "revised complaint" on court
approved form complaint, and a motion for leave to proceed in forma
pauperis.  Having reviewed those documents, the court enters the
following order.

*Motion for Leave to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

     The court grants plaintiff leave to proceed in forma pauperis

under 28 U.S.C. § 1915, subject to plaintiff's timely payment of an initial partial filing fee of $11.00 which is twenty percent of plaintiff's average deposit for the two month period he was confined before filing the instant action. *See* 28 U.S.C. § 1915(b)(1)(prisoner granted in forma pauperis status must pay the full district court filing fee; court assessment of the initial partial filing fee that must be paid). Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee through automatic payments from his inmate trust fund account, as authorized by 28 U.S.C. §1915(b)(2).

*Screening of the Revised Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A pro se party's complaint must be given a liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to

state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

In the present case, plaintiff seeks relief for the alleged violation of his rights under the Eighth Amendment. Three defendants are named: the State of Kansas and two Sedgwick County Sheriff employees at the Sedgwick County Detention Facility, identified as Sgt. Freeman and Sheriff Deputy Berry. Plaintiff claims these two individual defendants acted with deliberate indifference to plaintiff's plaintiff's personal safety by telling other inmates that plaintiff is a snitch and/or federal informant, and by instigating other inmates to kill plaintiff. Plaintiff seeks damages from all defendants, and for defendants Freeman and Berry to be fired and criminally prosecuted.

It appears plaintiff was arrested on criminal drug charges in two Sedgwick County cases on February 13, 2013. He states that in the first week in March 2013, defendants Berry and Freeman disclosed to other inmates that plaintiff was an informant, and offered to pay money and release any inmate that killed plaintiff. Plaintiff also cites his belief that "a major Sheriff campaign contribution was made by the cartel to have me killed." (Doc. 4, p.2).

Plaintiff specifically states he was placed in a cell in a living pod that put him within arm's reach of a person against whom plaintiff had provided information in that person's murder trial, and states his request for protective custody was denied. He also cites being placed on suicide watch several times, in violation of his right due process because he was not provided a fair grievance procedure.

Plaintiff further claims that "during this whole time" he was unconstitutionally denied showers, hygiene products, access to his mail, and communication with his family. Plaintiff states he sought administrative relief by attempting to go through the proper chain of command without success because "it seems as if a major sheriff campaign contribution was made to have me killed." (Doc. 4, p. 5)

Plaintiff also provides a copy of the pro se Motion to Relocate he filed March 14, 2013, in his pending Sedgwick County criminal cases. In that motion plaintiff states he fears for his life. No information is provided regarding any resolution of that pro se motion in the state court.

### State of Kansas

The court first finds the State of Kansas should be dismissed as a party in this matter. But for exceptions not applicable in this case,[1] "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co*, 507 F.3d 1250, 1252 (10th Cir.2007)(citation omitted).

### Defendants Freeman and Berry

The court also finds plaintiff's prayer for the criminal prosecution and termination of defendants Freeman and Berry must be dismissed. A private individual generally has no federal right to the prosecution of another. *Diamond v. Charles*, 476 U.S. 54, 64 (1986)(quotation marks and citation omitted); *accord Doyle v. Okla.*

---

[1] Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983. *See Quern v. Jordan,* 440 U.S. 332, 345 (1979). And the State of Kansas has not waived its Eleventh Amendment immunity and consented to be sued under 42 U.S.C. § 1983. *Connelly v. State Highway Patrol*, 271 Kan. 944, 962 (2001).

*Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir.1993). *See also Winslow v. Romer*, 759 F.Supp. 670, 673 (D.Colo.1991)("Private citizens generally have no standing to institute federal criminal proceedings.").

To the extent plaintiff seeks damages on allegations that defendants Freeman and Berry acted with deliberate indifference to plaintiff's personal safety, the court finds plaintiff's allegations are insufficient to establish a plausible constitutional claim.

"The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir.2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir.1980)). The Tenth Circuit Court of Appeals discussed the constitutional claim of failure to protect as follows:

> "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.... A prison official who knows of and disregards an excessive risk to inmate health or safety is deliberately indifferent for these purposes. Therefore, in order to establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."

*Benefield v. McDowall*, 241 F.3d 1267, 1270-71 (10th Cir.2001)

(quotation marks and citations to *Farmer* omitted).

While the Tenth Circuit held in *Benefield* that an inmate's allegation that he had been labeled a "snitch" was, by itself, sufficient to meet the standard for a violation of the Eighth Amendment, 241 F.3d at 1271, it has clarified that "allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards." *Brown v. Narvais*, 265 Fed. Appx. 734, 736 (10th Cir. Feb. 19, 2008) (unpublished opinion). Plaintiff's allegations fail to do so in this case.

Plaintiff's allegations identify only a one week period at the beginning of March, and in his "revised complaint" filed May 31, 2013, he expressly states he has had no problems after that week. While the fear, torment, and suspicion plaintiff suffered that one week may have been real to plaintiff, plaintiff's allegations must be considered in light of their brief duration without any further consequence, plaintiff's admission that his actions during that period raised significant mental health concerns[2] and plaintiff's overriding conclusory claim that outside criminal forces were influencing the actions of jail staff. While the court does not condone the conduct plaintiff attributes to defendants Freeman and Berry, the complaint and "revised complaint" fail to provide sufficient allegations to plausibly find that either of these defendants caused plaintiff to be subjected to a substantial risk of

_____

[2] Plaintiff cites, for instance, defacing the paint on a door to carve in the words "Sheriff conspiracy killed Dan Bald," carving his cell numbers into his leg to establish where he had been confined, and using feces to write on the walls that he was not suicidal and would be killed by inmates or deputies. (Doc. 4-1, pp. 20, 22-23)

serious harm.

And to the extent plaintiff complains that he was denied an adequate grievance process to address protective custody and mental health issues, and that he was deprived of showers, hygiene products, access to his mail, and communication with his family, the court finds no viable claim is presented upon which relief can be granted under § 1983. These broad allegations are both vague and conclusory, and lack any reference to the personal participation of either defendant Freeman or Berry. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)("A pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted).

Thus for the reasons stated above, the "revised complaint" is subject to being summarily dismissed as stating no claim for relief against defendants Freeman or Berry. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

### Notice and Show Cause Order to Plaintiff

Accordingly, the court directs plaintiff to show cause why the revised complaint should not be summarily dismissed as stating no claim for relief against defendants Freeman and Berry. The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc.5) is granted, subject to plaintiff's timely payment of an initial partial filing fee of $11.00. The

failure to do so in a timely matter may result in leave to proceed in forma pauperis being revoked, and the complaint dismissed without prejudice based upon plaintiff's noncompliance with the 28 U.S.C. § 1915(b)(1), without further prior notice.

IT IS FURTHER ORDERED the State of Kansas is dismissed as a party defendant.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 2) is denied without prejudice, and that plaintiff is granted twenty (20) days to show cause why the revised complaint (Doc. 4) should not be summarily dismissed as stating no claim for relief against the remaining two defendants.

**IT IS SO ORDERED.**

DATED:  This 19th day of November 2013 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge